IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Enicka S. Whicker, | Civil Action No. 2:11-cv-03193-SB-BHH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Science Applications International Corporation, Erwin Mayes, and Richard Daniels, | |
| Defendants. | |

The Plaintiff, represented by Attorney Blair C. Jennings, filed the instant action against Defendants Science Applications International Corporation, Erwin Mayes, and Richard Daniels on November 22, 2011. On April 25, 2012, the undersigned issued the following text order:

> TEXT ORDER re proof of service. The instant action was filed on November 22, 2011. Plaintiff, however, has not yet filed proof of service for Defendant Erwin Mayes or Defendant Richard Daniels, and the 120-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure has expired. It is therefore ORDERED that Plaintiff shall file proof of service of these Defendants on or before May 9, 2012. If Plaintiff fails to do so, the instant action against Defendants Erwin Mayes and Richard Daniels may be dismissed without prejudice pursuant to Rule 4(m). AND IT IS SO ORDERED.

(Dkt. No. 12.) Plaintiff filed nothing; she did not file proof of service, nor did she file a document discussing any attempts at service of process upon these two defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part,

> **(m) Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m). Because Plaintiff has not filed proof of service, has not moved for an extension of time, and indeed has not filed anything since the undersigned's Text Order of April 25, 2012, the undersigned RECOMMENDS that Defendant Erwin Mayes and Defendant Richard Daniels be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

June 6, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).