IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Enicka S. Whicker,<br><br>                Plaintiff,<br><br>vs.<br><br>Science Applications International<br>Corporation,<br><br>                Defendant. | Civil Action No. 2:11-3193-SB-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's partial motion to dismiss [Doc. 5], pursuant to Federal Rules of Civil Procedure 12. In her Complaint, the plaintiff alleges the following causes action: (1) assault and battery; (2) negligent supervision; and (3) violation of Title VII of the Civil Rights Act of 1964. The defendant has moved for dismissal of the plaintiff's assault and battery and negligent supervision causes of action.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The plaintiff is a former employee of Defendant Science Applications International Corporation ("SAIC"). She alleges that Erwin Mayes and Richard Dawkins, prior defendants in this case [see Doc. 19], and two individuals named "Brian" and "Pugsley," began sexually harassing her, including sexually suggestive comments and gestures, demands for sexually suggestive photographs, and sending the plaintiff sexually explicit photographs of themselves. (Compl. ¶¶ 8-15, 17.) The plaintiff alleges that she repeatedly refused,

requested transfers, and ultimately was forced to take leave. *Id.* ¶¶ 10, 12, 13, 18. At various times, she attempted to report such conduct but was either threatened with adverse action herself, *id.* ¶ 12, or told to "ignore the remarks . . . " *id.* ¶ 20.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The defendant contends that the plaintiff's claims for negligent supervision and assault and battery are barred by the exclusivity provision of the South Carolina Workers' Compensation Act (Act). S.C. Code. Ann. § 42-1-540. That statute states:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal

>     representative, parents, dependents or next of kin as against
>     his employer, at common law or otherwise, on account of such
>     injury, loss of service or death.

*Id.* Additionally, "Every employer and employee . . . shall be presumed to have accepted the provisions of [the Act] respectively to pay and accept compensation for personal injury . . . arising out of and in the course of the employment and shall be bound thereby." S.C. Code § 42-1-310.

As an initial matter, the plaintiff's assault and battery claim should be dismissed as that cause has only been pled against the individual defendants Erwin Mayes and Richard Daniels (see Compl. ¶¶ 20-26) who have both been dismissed. [Doc. 19.] To the extent the district court views that claim as having been saved by the doctrine of respondeat superior as against Defendant SAIC, the Court would say more.

Namely, both the plaintiff's claim for negligent supervision and assault and battery are plainly preempted by the South Carolina Worker's Compensation Act because they allege personal injury, suffered at the hands of a co-employee, arising out of and in the course of her employment. *See Sabb v. South Carolina State University,* 567 S.E.2d 231, 234 (S.C. 2002) (negligent supervision); *Dickert v. Metropolitan Life Ins. Co.*, 428 S.E.2d 700 (S.C. 1993) (assault and battery). South Carolina courts, including this District, have routinely dismissed such claims pled by employees against their employers based on the exclusivity provision. *See Sabb,* 567 S.E.2d at 234; *Dickert*, 428 S.E.2d at 702; *Loges v. Mack Trucks, Inc.*, 417 S.E.2d 538 (S.C.1992) ("[A]llegations of intentional infliction of emotional distress, assault and battery as these constitute personal injuries within the scope of the Act.")*; see also Washington v. Hilton Hotels Corp.*, 2008 WL 747792, at * 4 (D.S.C. Mar.17, 2008)*; Palmer v. House of Blues Myrtle Beach Rest. Corp.*, 2006 WL 2708278 (D.S.C. September 20, 2006) (dismissing negligent supervision cause of action because barred by the exclusivity provision of the South Carolina Workers' Compensation Act); *Todd*

3

*v. Federal Express Corp.*, 2010 WL 1294070, at *1 (D.S.C. March 29, 2010) (assault and battery).

The plaintiff makes the common retort that "sexual assault and battery cannot be seen to follow as a natural incident of assembling military equipment." (Pl. Resp. at 3.) The South Carolina Supreme Court actually agrees. *See Dickert*, 428 S.E.2d at 702. It is precisely the unexpected, "unusual and extraordinary" nature of such conduct that makes it an "accident" for purposes of the Act's applicability. *Id*. The plaintiff alleges that she was physically, verbally, and psychologically assaulted and harassed by a co-worker at the Defendant SAIC's facility and on its premises. (Compl. ¶¶ 9, 10, 13, 22.) The fact that the conduct alleged was, in fact, beyond the expectations of her work duties, albeit still at her place of employment, confirms, rather than disproves, that the claim arose from "personal injury . . . by accident," S.C. Code § 42-1-540, "out of and in the course of employment," S.C. Code § 42-1-160(A). *See Dickert*, 428 S.E.2d at 702.

The Supreme Court of South Carolina has reiterated that the only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations. *Cason v. Duke Energy Corp.*, 348 S.C. 544, 560 S.E.2d 891, 893 (S.C.2002). The plaintiff has not alleged and cannot allege that any of the named individuals represent the "alter ego" of SAIC, defined as a "dominant corporate owner[] [or] officer[]." *Dickert*, 428 S.E.2d at 701. The term does not include "supervisory employees." *Id*. All of the alleged assailants were in supervisory positions over the plaintiff or coworkers and no more. (See Compl. ¶¶ 9, 10 (improperly designated as a second paragraph 8 in the Complaint).)

There are no allegations in the Complaint, therefore, that would rescue the negligent representation and assault and battery claims from the jealous demands of the Act's exclusivity provision.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 5] should be GRANTED and the plaintiff's first and second causes of action dismissed with prejudice.

s/Bruce H. Hendricks
United States Magistrate Judge

September 20, 2012
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).